IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE DER-YEGHIAYAN

| | | |
|---|---|---|
| JONYSE JOHNSON, | ) | MAGISTRATE SIDNEY I. SCHENKIER |
| | ) | |
| Plaintiff, | ) | 03C 6517 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY DEMAND |
| PS ILLINOIS TRUST, | ) | |
| Defendant. | ) | DOCKETED |
| | | SEP 1 6 2003 |
| COMPLAINT | | |

Plaintiff, Jonyse Johnson, by and through her attorneys, complains against Defendant, PS Illinois Trust, seeking redress for Defendant's violations of 42 U.S.C. § 1983 and the Illinois Consumer Fraud and Deceptive Business Practices Act, ("CFA"). Plaintiff also seeks redress for Defendant's negligence, breach of contract, and intentional infliction of emotional distress. Plaintiff demands a trial by jury.

*Parties*

1. Plaintiff, Jonyse Johnson, is a consumer and a resident of Chicago, Illinois.

2. Defendant, PS Illinois Trust, ( hereinafter "Public Storage") is a corporation organized and existing under the laws of the state of California, doing business in this district as Public Storage.

*Jurisdiction and Venue*

3. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331, because Plaintiff brings a claim under 42 U.S.C. § 1983. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

4. Alternatively, diversity jurisdiction exists under 28 U.S.C. § 1332, because the parties

are citizens of different states and the amount in controversy, including potential punitive damages, exceeds $75,000.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts giving rise to this action occurred in substantial part in this district.

***Factual Allegations***

6. In the middle of a move, Plaintiff went to Defendant Public Storage's facility at 1414 South Wabash Avenue in Chicago in order to store all of her possessions.

7. On July 16, 2001, Plaintiff rented out a storage locker and entered into a contract with Defendant for the storage of her goods. She then moved her possessions into the storage locker.

8. Plaintiff made her monthly payments for the storage locker in a timely fashion for several months, but missed two payments toward the end of the year. She spoke with Defendant's Property Manager and said she would come in personally to make the back payments.

9. On December 5, 2001, Plaintiff received a notice from Defendant that she had until January 3, 2002 to bring her account current, or Defendant would auction off the goods stored on its premises.

10. On January 2, 2002, Plaintiff came to Defendant's storage facility to make payment in full for her storage space and prevent Defendant from auctioning off her possessions.

11. A portion of Plaintiff's payment was in cash; the other part was in the form of a personal check. Janice Ng, Defendant's Property Manager, refused Plaintiff's tender of payment on account of the check, even though nothing in the rental agreement Plaintiff signed prohibited payment by check. Moreover, the notice of payment due sent to Plaintiff did not state that checks would not be accepted.

12. Plaintiff was told to return to the storage facility the following morning, January 3, 2002, and make her payment in cash in order to stop Defendant from selling off her goods.

13. At approximately 9:45 the following morning, Plaintiff telephoned Defendant's Property Manager to let her know that Plaintiff was on route to the storage facility from a friend's home in Kankakee County, some 65 miles away, with sufficient cash to make payment in full.

14. Plaintiff arrived at Defendant's storage facility at approximately 11:10 a.m. on January 3, 2002. She was told to check for a seal on her storage space to see if her possessions had been sold.

15. Plaintiff reported to the Property Manager that there was no seal on the storage space. She was then informed that her goods had been sold.

16. Plaintiff lost approximately $20,000 worth of goods, in addition to many items of personal and sentimental value which cannot be replaced.

17. Moreover, Defendant's sale of Plaintiff's personal property failed to comply with the provisions of the Self-Service Storage Facility Act, 770 ILCS 95/1 *et seq.,* in that Defendant sold off Plaintiff's possessions without first allowing her the opportunity to satisfy the purported lien and redeem her personal property. See 770 ILCS 95/4(H).

18. The loss of all of her material possessions caused Plaintiff severe emotional and mental distress. Plaintiff was treated by a clinical psychologist for this distress. As a result of the stress caused by Defendant's actions, Plaintiff lost a $68,000 a year job at Avon.

## COUNT I
*Violation of 42 U.S.C. § 1983 for Deprivation of Property*

19. Plaintiff realleges and incorporates paragraphs 1-18 into this count.

20. On January 3, 2002, Defendant refused Plaintiff's timely payment of back rent for her

storage locker and subsequently auctioned off the personal property Plaintiff had stored in the locker, without first allowing Plaintiff the opportunity to redeem her possessions.

21. Defendant's sale of Plaintiff's goods was done to satisfy the lien purportedly created in its favor under the Illinois Self-Service Storage Facility Act, 770 ILCS 95/3.

22. Defendant's actions, under color of state law, in refusing Plaintiff's timely payment, barring her from recovering her goods, and selling those goods without allowing her an opportunity to redeem them–all without judicial process or pursuant to court order–constituted an unlawful taking of plaintiff's property and an unreasonable and unconstitutional seizure in violation of the Fourth and Fifth Amendments to the United States Constitution.

23. Alternatively, and in addition, the Self-Service Storage Facility Act is in itself unconstitutional, in that the Act provides no adequate post-deprivation remedies, nor does it afford adequate notice prior to sale, as required by due process.

24. Defendant's actions were a direct and proximate cause of Plaintiff's loss, further suffering, and other injuries set forth above.

WHEREFORE, Plaintiff demands actual and compensatory damages against Defendant and, because it acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorneys' fees, and such other and additional relief as this Court deems equitable and just.

### COUNT II
*Negligence*

25. Plaintiff realleges and incorporates paragraphs 1-18 into this count.

26. Defendant had a duty of care with respect to the storage and disposition of Plaintiff's personal property housed in its facility.

27. Defendant breached this duty by refusing Plaintiff's timely tender of rent payments,

barring her from recovering her possessions and auctioning off Plaintiff's personal property.

28. As a proximate result of Defendant's breach of duty, Plaintiff was damaged.

WHEREFORE, Plaintiff, Jonyse Johnson, asks that the Court enter judgment in her favor and against Defendant and award her:

    a. Actual damages;

    b. Costs; and

    c. Any other relief the Court deems appropriate.

## COUNT III
### *Breach of Contract*

29. Plaintiff realleges and incorporates paragraphs 1-18 into this count.

30. On January 3, 2002 Plaintiff stood ready, willing and able to tender to Defendant all back payments of rent on her storage locker, and thus perform under the terms of her rental agreement with Defendant.

31. Defendant, however, refused Plaintiffs' tender of all back-due payments, and instead subsequently sold Plaintiff's personal possessions at auction.

32. In so doing, Defendant breached its obligations under the rental agreement.

33. As a direct consequence of Defendant's breach of contract, Plaintiff lost all of her material possessions, including numerous irreplaceable items of personal and sentimental value.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendant, PS Iliinois Trust, and award:

    a. Compensatory damages in an amount not less than $20,000;

    b. and other relief this Court deems just and appropriate.

## COUNT IV
### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2

34. Plaintiff realleges and incorporates paragraphs 1-18 into this count.

35. At all times relevant, Defendant was engaged in the trade and commerce in the state of Illinois.

36. Defendant engaged in unfair and deceptive conduct within that trade or commerce, namely refusing Plaintiff's tender of back payments and subsequently selling Plaintiff's personal property, while denying Plaintiff her statutory right to redeem that property.

37. Plaintiff has been damaged as a result of Defendants' conduct in that she lost all of her possessions, including some irreplaceable items, priceless to Plaintiff.

WHEREFORE, the Plaintiff requests that this Court enter judgment against Defendant, as follows:

a. actual damages in an amount to be determined by the jury;

b. punitive damages in an amount sufficient to punish and deter Defendant and others similarly-situated businesses from conducting themselves in the manner described in this case;

c. reasonable attorneys' fees and costs; and

d. such other relief as is just and proper.

## COUNT V
### Intentional Infliction of Emotional Distress

38. Plaintiff realleges and incorporates paragraphs 1-18 into this count.

39. Defendant's conduct in refusing Plaintiff's tender of payments pursuant to both the rental agreement and a statutory right to redeem her goods constitutes an extreme and outrageous act.

40. By its actions, Defendant intended to, and did cause Plaintiffs severe emotional distress. At the very least, Defendant knew that its conduct would likely cause severe emotional distress.

41. The distress inflicted on Plaintiff when she was faced with the loss of her personal property, even though she was ready, willing and able to tender to Defendant all back rent payments in a timely manner, was greater than what a reasonable person could be expected to endure. Indeed, as a proximate result of Defendant's actions, Plaintiff had to seek the aid of a clinical psychologist, and lost a $68,000 a year job at Avon. Without a bed to sleep in or a chair to sit on, it has become increasingly difficult for Plaintiff to lead a normal life.

WHEREFORE, Plaintiff requests that this Court enter judgment in their favor and against Defendant, PS Illinois Trust, and award:

    a. actual damages in an amount to be determined at trial;

    b. punitive damages in an amount sufficient to punish and deter Defendant and others similarly-situated businesses from conducting themselves in the manner described in this case; and

    c. any other relief this Court deems just and proper.

Respectfully submitted,
Jonyse Johnson, Plaintiff

By: _____
One of Her Attorneys

Christopher V. Langone
Craig R. Frisch
Jeff Naffziger
LANGONE LAW FIRM
25 E. Washington, Suite 1805
Chicago, IL 60602
(312) 782-2000

JUDGE DER-YEGHIAYAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS MAGISTRATE SIDNEY I. SCHENKIER

# Civil Cover Sheet  03C 6517

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** JONYSE JOHNSON

County of Residence: COOK

Plaintiff's Atty: LANGONE LAW FIRM
25 E. WASHINGTON, SUITE 1805
CHICAGO, IL 60602
312-782-2000

**Defendant(s):** PS ILLINOIS TRUST

County of Residence:

Defendant's Atty:

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal
Parties (Diversity Cases Only)
 Plaintiff:- **N/A**
 Defendant:- **N/A**

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **890 Other Statutory Actions**

VI. Cause of Action: **49 U.S.C. 1983**

VII. Requested in Complaint
 Class Action: **No**
 Dollar Demand:
 Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature:

Date: 9/15/03

DOCKETED
SEP 1 6 2003

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm                    9/15/2003

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

JUDGE DER-YEGHIAYAN
MAGISTRATE SIDNEY I. SCHENKIER

In the Matter of

JONYSE JOHNSON

v.

PS ILLINOIS TRUST

DOCKETED
SEP 16 2003

Case Number: 03C 6517

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:
PLAINTIFF

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME CHRISTOPHER V. LANGONE | NAME CRAIG R. FRISCH |
| FIRM THE LANGONE LAW FIRM | FIRM THE LANGONE LAW FIRM |
| STREET ADDRESS 25 E. WASHINGTON ST. #1805 | STREET ADDRESS 25 E. WASHINGTON STE. # 1805 |
| CITY/STATE/ZIP CHICAGO, ILLINOIS 60602 | CITY/STATE/ZIP CHICAGO, ILLINOIS 60602 |
| TELEPHONE NUMBER 312 782-2000 / FAX NUMBER 312 782-2022 | TELEPHONE NUMBER 312 782-2000 / FAX NUMBER 312 782-2022 |
| E-MAIL ADDRESS clangone@langonelaw.com | E-MAIL ADDRESS cfrisch@langonelaw.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6211105 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6274957 |
| MEMBER OF TRIAL BAR? YES X NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO X |
| TRIAL ATTORNEY? YES X NO ☐ | TRIAL ATTORNEY? YES ☐ NO X |
|  | DESIGNATED AS LOCAL COUNSEL? YES X NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME JEFF NAFFZIGER | NAME |
| FIRM THE LANGONE LAW FIRM | FIRM |
| STREET ADDRESS 25 E. WASHINGTON ST. #1805 | STREET ADDRESS |
| CITY/STATE/ZIP CHICAGO, ILLINOIS 60602 | CITY/STATE/ZIP |
| TELEPHONE NUMBER 312 782-2000 / FAX NUMBER 312 782-2022 | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS jnaffziger@langonelaw.com | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6275581 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES X NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO X | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES X NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

**INSTRUCTIONS FOR COMPLETING APPEARANCE FORM**