IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONYSE JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 03 C 6517 |
| PS ILLINOIS TRUST, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant PS Illinois Trust's ("PSI") motion to dismiss. For the reasons stated below, we deny the motion to dismiss in its entirety.

## BACKGROUND

Plaintiff Jonyse Johnson ("Johnson") alleges that in July of 2001 she entered into a contract with PSI for the storage of her possessions in a storage locker. Johnson alleges that in 2001 she made monthly payments to PSI until the end of the year when she missed two payments. Johnson claims that on December 5, 2001, she received a letter from PSI informing her that she had until January 3, 2002, to make her payment in full and prevent PSI from auctioning off Johnson's possessions in the

storage locker. Johnson further alleges that on January 2, 2001, she paid part of her past due payments in cash and tried to pay the other portion by check, but the PSI property manager refused to take the check. According to Johnson, she was told to return on the morning of January 3, 2001, and pay the remainder of the past due payments. Johnson claims that she called PSI at approximately 9:45 a.m. on the morning of January 3, 2001, and told the PSI property manager that she was on her way to the PSI storage facility with the remainder of her past due payments. Johnson claims that she arrived at 11:10 a.m. and was told that her possessions had already been auctioned off. In Johnson's second amended complaint, she includes two claims for declaratory and injunctive relief under the declaratory judgment act, 28 U.S.C. §2201, in which Johnson seeks a declaration that the Illinois Self-Service Storage Facility Act ("ISSSFA"), 770 ILCS 95/1, *et seq.* is unconstitutional (Counts I and II). The second amended complaint also includes a negligence claim (Count III), a breach of contract claim (Count IV), a claim alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFDBPA"), (Count V), and an Intentional Infliction of Emotional Distress ("IIED") claim (Count VI).

## LEGAL STANDARDS

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in

the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . ."" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to

narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff."). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *Id.* For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting

jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

I. Argument of the Merits of Claims

In many instances in PSI's motion to dismiss, PSI entirely ignores the fact that the instant action is at the pleading stage. PSI repeatedly asks the court to dismiss the action due to the lack of merit of Johnson's claims. For instance, in paragraphs 10, 11, and 12 of PSI's motion to dismiss, PSI explains to the court why the ISSSFA provides adequate notice prior to disposition of the property, and why the act provides post-deprivation remedies. PSI argues that we should thus find that the act is not unconstitutional. PSI argues in paragraph 13 of its motion to dismiss, that "[t]he plaintiff has failed to meet her burden of overcoming the presumption that the Act is constitutional, as it must be presumed by the Court, by clearly illustrating that the Act is unconstitutional." (Mot. 4, Par. 13). PSI also argues in paragraphs 14 and 15 of its motion to dismiss, that in spite of Johnson's allegations to the contrary, the ISSSFA is not unconstitutional under the Eighth Amendment. However, we are not at the stage where evidence can be pointed to in order to rebut a presumption. Nor can we determine at this juncture whether the ISSSFA is unconstitutional. Such a matter is not a proper inquiry at the pleading stage. In paragraph 17 of PSI's motion to dismiss, PSI argues that PSI has not breached its duty and thus PSI invites the court to address the merits of Johnson's claim yet again. In paragraph 20 of PSI's

motion to dismiss, PSI argues that it is entitled to prevail on the merits on the breach of contract claim. In paragraph 27 of PSI's motion to dismiss, PSI argues that since Johnson admits that she failed to make her final two payments, PSI is entitled to prevail on the merits. None of the above arguments that invite the court to address the merits of Johnson's claims are proper at the pleadings stage.

II. Improper Pleading Standard

To the extent that PSI recognizes that this action is currently in the pleadings stage, PSI applies the wrong pleading standard. For example, in paragraph 16 of PSI's motion to dismiss, PSI cites an Illinois state case that applies the Illinois pleading standard and PSI contends that Johnson must allege facts to support each element of a negligence claim. However, under the federal notice pleading standard a plaintiff is not required to plead facts that match up with each element of a claim. *Sanjuan*, 40 F.3d at 251. PSI devotes paragraphs 17 and 18 of its motion to dismiss to explaining why Johnson has not alleged facts pertaining to elements of a negligence claim. In paragraph 19 of PSI's motion to dismiss, PSI improperly contends that Johnson is required to allege facts for each element of a breach of contract claim. In paragraph 23 of PSI's motion to dismiss, PSI cites an Illinois state court case and attempts to apply the Illinois pleading standard for a fraud claim.

In paragraph 25 of PSI's motion to dismiss, PSI cites *Dunn v. City of Elgin, Illinois*, 347 F.3d 641 (7th Cir. 2003) in support of a pleading standard for an intentional infliction of emotional distress claim. However, in *Dunn* the Seventh

Circuit was reviewing a district court ruling granting summary judgment and thus the district court was not making a ruling at the pleading stage. *Id.* at 645.

Johnson provides sufficient allegations in her complaint to state a claim under the federal notice pleading standard for all of the counts in her complaint. In regards to the claims relating to the constitutionality of the ISSSFA, Johnson specifically explains in her complaint why she believes that ISSSFA is unconstitutional. (Compl. Par. 23-28, 30-35). In regards to the negligence claim, Johnson alleges that her possessions were stored in PSI's facility and she alleges that PSI had a duty to look after her possessions and that it breached that duty. (Compl. Par. 37-40). In regards to the contract claim, Johnson specifically alleges that she entered into a contract with PSI regarding the storage of her possessions and alleges that PSI breached its obligations under that contract when PSI auctioned off her possessions. (Compl. Par. 8, 41-45). In regards to the ICFDBPA claim, Johnson alleges that when PSI auctioned her property without giving her an opportunity to pay her past due payment, PSI engaged in a unfair and deceptive practice. (Compl. Par. 48-50).

In regards to the intentional infliction of emotional distress claim, Johnson alleges that she attempted to pay off her past due payments, but was turned away because PSI would not take checks. Johnson alleges that she was told to come back the next morning and that she called the next morning to inform the property manager that she was on her way. She claims that despite her call, PSI proceeded to sell her possessions which were of great sentimental value to her. We note that on

the face of these allegations, it is not readily apparent that PSI engaged in extreme and outrageous conduct, but it is possible under this set of facts that the conduct attributed to PSI was extreme and outrageous. If, for example, the property manager at PSI knew that Johnson was on her way to pay, but the property manager decided to sell Johnson's personal property anyway before she could get there due to a dislike for Johnson in order to cause Johnson emotional pain, the conduct attributed to PSI could be extreme and outrageous. We are not making any finding that this in fact occurred in this action. As stated above, a plaintiff is not required to allege all the facts related to her claim, *Kyle*, 144 F.3d at 455, and we are prohibited from granting a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. Johnson alleges misconduct by PSI, that such conduct was extreme and outrageous by PSI, and that such conduct caused her extreme emotional distress. Such allegations are sufficient under the federal notice pleading standard. Although we find that Johnson has stated valid claims for the purpose of a motion to dismiss, we are not in any way passing judgment on whether any of her claims have any merit. At the dispositive motion stage, and, at trial, if the case proceeds to trial, Johnson will have to point to sufficient evidence that shows that her claims are meritorious.

### III. Subject Matter Jurisdiction

Despite the fact that PSI states repeatedly in its motion to dismiss that it is

moving to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, some of PSI's arguments relate to a lack of subject matter jurisdiction. PSI apparently contends that Johnson has not provided sufficient allegations to meet the amount in controversy requirement for diversity jurisdiction. One requirement for diversity subject matter jurisdiction is that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs...." 28 U.S.C. § 1332(a). For cases filed originally in federal court, a case will generally not be dismissed for failure to meet the amount in controversy requirement unless the defendant shows that "to a legal certainty ... the claim is really for less than the jurisdictional amount." *Smith v. American General Life and Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003). The party seeking to invoke the court's jurisdiction bears the burden of showing that subject matter jurisdiction exists. *See NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir.1995)(stating that "[t]he party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction.").

In the instant action, Johnson alleges that she lost approximately $20,000 worth of property and that many of the items lost were personal items with particular sentimental value. Johnson also contends that she will seek punitive damages for what she alleges is egregious conduct by Defendants. In addition, Johnson alleges that she is seeking damages for emotional distress, psychological counseling, and the loss off her job, which paid $68,000 per year. Such allegations are sufficient to meet the amount in controversy requirement. In addition, Johnson contends that the ISSSFA is unconstitutional, which would provide the court with federal question

subject matter jurisdiction. Therefore, we deny PSI's motion to dismiss to the extent that it seeks a dismissal based upon a lack of subject matter jurisdiction.

IV. Cited Sources in Complaint

PSI complains in several instances in its motion to dismiss that Johnson cites in her amended complaint to case law, a legislative review, and magazine articles "in violation of Federal Rule [sic] of Civil Procedure 8(a)(2) and 10(b)." (Mot. Par. 13, 22, 26). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading should contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Federal Rule of Civil Procedure 10(b) provides that "averments of claim or defense shall be made in numbered paragraphs. . . ." Fed. R. Civ. P. 8(a)(2); 10(b). Neither rule pertains to the citations of magazines or other sources in a complaint and, to the extent that the rules could be read to apply in such an instance, any sources that are cited by Johnson in the complaint have no legal effect in terms of defeating a motion to dismiss. Therefore, we deny PSI's motion to strike references to case-law, legislative reviews, and magazines.

## CONCLUSION

Based on the foregoing analysis, we deny PSI's motion to dismiss in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 6, 2005