HE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
OCT 2 6 2005
OCT 26 2005
Judge Samuel Der-Yeghiayan
U.S. District Court

JONYSE JOHNSON, )
)
Plaintiff, )
)
v. ) No. 03 C 6517
)
PS ILLINOIS TRUST, )
)
Defendant. )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant PS Illinois Trust's ("PSI") motion for reconsideration of this court's order granting in part and denying in part PSI's motion for summary judgment. For the reasons stated below, we deny the motion for reconsideration.

## BACKGROUND

Plaintiff Jonyse Johnson ("Johnson") alleges that in July 2001, she entered into a contract with PSI for the storage of her possessions in a storage locker. Johnson alleges that in 2001 she made monthly payments to PSI until the end of the year, when she missed two payments. Johnson claims that on December 5, 2001, she

1

received a letter from PSI informing her that she had until January 3, 2002, to make her payment in full and to prevent PSI from auctioning off Johnson's possessions in the storage locker. Johnson further alleges that on January 2, 2002, she paid part of her past due payments in cash and tried to pay the other portion by check, but the PSI property manager refused to take the check. According to Johnson, she was told to return on the morning of January 3, 2002, and pay the remainder of the past due payments. Johnson claims that on the morning of January 3, 2002, she was on her way to the PSI facility and that she called a couple of times while in route and spoke with the PSI property manager and other PSI employees. Johnson claims that the PSI employees indicated that PSI would delay the sale of her property until she arrived. Johnson also contends that the PSI employees made certain representations to her while she was in route that indicated that PSI would delay the sale until Johnson arrived. Johnson claims that she arrived at 11:10 a.m. and was told that her possessions had already been auctioned off.

In Johnson's second amended complaint, she includes two claims for declaratory and injunctive relief under the declaratory judgment act, 28 U.S.C. § 2201, in which Johnson seeks a declaration that the Illinois Self-Service Storage Facility Act ("Storage Act"), 770 ILCS 95/1, *et seq.* is unconstitutional (Counts I and II). The second amended complaint also includes a negligence claim (Count III), a breach of contract claim (Count IV), a claim alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Act, 815 ILCS 505/1 *et seq.*

("Fraud Act")(Count V), and an Intentional Infliction of Emotional Distress claim ("IIED")(Count VI). PSI now moves for summary judgment on all claims.

On August 17, 2005, we granted PSI's motion for summary judgment on the Storage Act claims (Counts I and II), the IIED claim (Count VI), and the negligence and breach of contract claims (Counts III and IV) to the extent that they are based upon the refusal of Johnson's payment check. We also denied PSI's motion for summary judgment on the negligence and breach of contract claims (Counts III and IV) to the extent that they are based upon the sale of Johnson's property. We also denied PSI's motion for summary judgment on the Fraud Act claim (Count V). PSI now moves for reconsideration of our prior ruling to the extent that it denied the motion for summary judgment.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present

newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

## DISCUSSION

### I. Negligence Claim (Count III)

PSI argues that the court erred by concluding that there were genuinely disputed material facts concerning the negligence claim included in Johnson's second amended complaint (Count III). PSI claim that sometime prior to the filing of PSI's summary judgment motion, Johnson had indicated that she was not intending to pursue her negligence claim. In Johnson's answer to the motion for reconsideration, Johnson acknowledges that she has "abandoned her claim for negligence." (Ans. 2). Based upon that representation by Johnson in her answer, we dismiss the negligence claim (Count III) and deny PSI's motion for reconsideration as moot.

### II. Breach of Contract Claim (Count IV)

PSI also requests that the court reconsider its ruling on the breach of contract claim (Count IV). PSI argues that the court erred in regard to its analysis

4

concerning the refusal of the partial payment by check and in regard to the promises allegedly made to Johnson by PSI employees while she was in route on the day of the sale.

A. Refusal of Partial Payment by Check

PSI continues to argue that PSI acted appropriately by refusing Johnson's partial payment by check offered the day before the sale, arguing that "there can be no dispute that plaintiff understood she could not pay by check." (Mem. 3). As the court made clear in its prior ruling, we granted PSI's motion for summary judgment on the negligence and breach of contract claims (Counts III and IV) "to the extent that they are based upon the refusal of Johnson's payment check." (8/17/05 Op. 22). Thus, we found that, based upon the terms of the written contract, Johnson did not as a matter of law have the right to pay by check. However, in our prior ruling we also denied the motion for summary judgment on the breach of contract claim only to the extent that it is "based upon the sale of Johnson's personal property." (8/17/05 Op. 22). We noted that although the refusal of partial payment by check was clearly proper, it is unclear whether Johnson realized that she could not pay by check and whether the refusal unfairly contributed to the series of events that led to the sale of Johnson's property before she was able to arrive at the PSI facility. If, for example, Johnson was led to believe that she could make payment by check, depending on all of the facts and circumstance, PSI may have been obligated to delay the sale if

Johnson was only first informed that she could not pay by check the day before the sale. We also found that, in regard to the propriety of the sale of Johnson's property at the time the property was sold, PSI had not presented its arguments in a timely fashion.

Only by making all inferences in its favor and by ignoring contrary facts is PSI able to hold to its position that it was entirely clear prior to Johnson's attempted partial payment by check that Johnson knew that the check would not be accepted. For instance, PSI acknowledged that it had accepted checks from Johnson in the past and acknowledges that the decision of whether or not to accept a check payment is made by the manager on duty at the time of payment. (SAF Ex. 3)(SF 14). PSI doggedly points in the abstract to the contract and a letter sent to Johnson prior to the sale and PSI maintains that it was set in stone that Johnson could not make any more payments by check. However, PSI fails to acknowledge the fact that, according to Johnson, when she attempted to make the partial payment by check the initial person at the counter actually completed the transaction and handed her a receipt stating "paid in full." (Johnson Dep. 113-15). Johnson's partial payment by check was only rejected when the manager on duty stepped in and, exercising her discretion under the PSI policy decided not to accept the check. (Johnson Dep. 113-15).

PSI claims that Johnson should have not had any misapprehension because she received a letter requesting payment in "cash or by money order" four weeks before she attempted to make partial payment. (Mem. 4). However, PSI

6

itself admits that its manager had discretion at the moment of payment to accept payment by check thereby negating any conclusion that the decision to refuse a payment by check was preordained. The fact that the check payment issue was not clearly resolved is further reinforced by the fact that Johnson bothered to travel to PSI, expecting to make partial payment by check. Johnson also correctly points out that, although PSI now cites case law that shows that specifying the methods of payment in the letter legally excluded other possible methods, Johnson as a layperson could not have been expected to understand that legal effect. PSI does not assert that the letter stated that no payment, or even a part of a payment could be made by check, which was a method of payment that PSI had accepted on a prior occasion from Johnson. Therefore, PSI's arguments in the instant motion pertaining to the refusal of partial payment by check are entirely without merit.

We also note that there is a lack of detailed facts in the record regarding the refusal of the partial payment by check. Thus, the undisputed facts regarding Johnson's attempted payment by check have not been laid before the court. PSI as the movant had an obligation to acquire such facts during discovery and present them to the court, and PSI has failed to do so. Instead PSI refers to the refusal in only the most general terms and fills in the remaining facts with inferences in PSI's favor. Such a tactic and lack of proper arguments prevents PSI from prevailing on its motion for summary judgment or its motion for reconsideration.

## B. Promises by PSI Employees

PSI also argues that even if its employees had told Johnson that her property would not be sold if she arrived in a timely fashion, PSI is entitled to prevail as a matter of law because it is undisputed that Johnson did not arrive in a timely fashion. As was mentioned in our prior ruling, what was untimely were PSI's arguments concerning the propriety of the sale of Johnson's property. PSI improperly introduced such arguments for the first time in its reply brief for its summary judgment motion and PSI's instant motion is merely an attempt to present further arguments that could and should have been included in PSI's motion for summary judgment. For that reason alone, PSI's motion for reconsideration of the ruling concerning the propriety of the sale of Johnson's property is improper and is a basis for the denial of the motion for reconsideration of the court's ruling concerning the breach of contract claim.

Also, PSI's untimely arguments lack any merit. PSI supports its arguments with facts that are not in the record, and by resolving disputed facts in its favor and making inferences in its favor. PSI argues that it is entitled to prevail even if "Johnson was told her 'timely arrival' would prevent a sale." (Mem. 3). Nowhere in our prior ruling, or in Johnson's deposition is there any allegation that Johnson was told that her property would be saved by a "timely arrival." As is indicated in our prior ruling, Johnson testified at her deposition that while she was in route to the PSI facility on the day of the sale, she was told by PSI employees: "Oh well as long as

you get here, it's Okay." (Johnson Dep. 123). PSI has not pointed to any part of the record that indicates that its employees gave Johnson any specific deadline for an arrival while she was in route. PSI argues that its employees specified to Johnson on the phone that Johnson needed to be present by the scheduled time of the sale, and not one minute later, or her property would be sold. These are not the undisputed facts in the record before us. It shall be up to the trier of fact to conclude exactly what was told to Johnson on the phone by PSI employees while in route. It shall also be up to the trier of fact to determine whether the employees specified a time when Johnson had to arrive and, if so, whether she arrived in timely fashion. Therefore, PSI's argument that it is entitled to prevail because Johnson did not arrive in a "timely" manner is without merit.

### III. Fraud Act Claim (Count V)

PSI also challenges the court's prior ruling denying the motion for reconsideration on the Fraud Act claim. We noted in our prior ruling that the Fraud Act protects against certain unfair conduct as well as deceptive conduct and that PSI's sale of Johnson's property amounted to a forfeiture, which is disfavored under the law. PSI simply presents in its instant motion the same arguments that it made in its motion for summary judgment. PSI continues to argue that its conduct was not unfair and does so only by gathering the facts in its favor and by making inferences in its favor. PSI also argues that the sale of Johnson's property could not be deemed

9

a forfeiture because the Storage Act provided that property could be sold. However, PSI fails to cite any authority that specifies that the Storage Act was intended to make such a statement concerning public policy in Illinois. While the Storage Act provides a mechanism for the sale of property under certain circumstances after appropriate procedures are followed, nothing precludes a conclusion that the Act exists in unison with the competing public policy that such sales do constitute forfeitures, which are generally disfavored. Therefore, PSI's arguments in regard to the Fraud Act claim are entirely without merit as well and, based upon all of the above, we deny PSI's motion for reconsideration in its entirety.

## CONCLUSION

Based on the foregoing analysis, we deny PSI's motion for reconsideration in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 26, 2005