IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONYSE JOHNSON, ) | |
| ) | Case No. 03 C 6517 |
| Plaintiffs, ) | |
| ) | Judge Virginia M. Kendall |
| v. ) | |
| ) | |
| PS ILLINOIS TRUST and, ) | |
| PUBLIC STORAGE, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff originally filed this case on September 15, 2003. On December 19, 2005, Plaintiff filed a Third Amended Complaint in which she alleges claims under the United States Constitution, the Illinois Consumer Fraud and Deceptive Practices Act, and for negligence, conversion and breach of contract. Plaintiff seeks compensatory damages, punitive damages and attorneys' fees.

Defendants have moved to dismiss Plaintiff's Third Amended Complaint for lack of standing, lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Defendants' motion is based on the fact that Plaintiff filed a Voluntary Petition for Relief under Chapter 13 of the United States Bankruptcy Code and did not disclose the existence of the instant lawsuit on either her Statement of Financial Affairs or her Schedule of Personal Property, as Chapter 13 requires. Because of Plaintiff's bankruptcy filing, Defendants allege that Plaintiff lacks standing to pursue the claims in her Third Amended Complaint and this Court lacks jurisdiction to adjudicate them. Further, Defendants assert that the doctrine of judicial estoppel bars Plaintiff from prosecuting this action.

Plaintiff has standing to pursue her causes of action against Defendants in this forum. Defendants concede that a Chapter 13 debtor-in-possession has standing to pursue claims on behalf of the estate, but argue that by concealing her cause of action from the bankruptcy court she is not pursuing a claim "on behalf of the estate." *See Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999) ("Under the reorganization chapters [Chapters 11 and 13], the debtor-in-possession steps into the role of trustee and exercises concurrent authority to sue and be sued on behalf of the estate."). Since Defendants filed their motion to dismiss, Plaintiff has amended her Schedule of Personal Property and Statement of Financial Affairs to disclose and value the present lawsuit. Under her confirmed Chapter 13 Plan, any proceeds from this action belong to her bankruptcy estate. Thus, as Defendants seem to concede by not including the argument in their reply brief, she is now pursuing the action "on behalf of the estate."

The filing of Plaintiff's bankruptcy petition also did not remove the action from this Court's jurisdiction.[1] In bankruptcy parlance, this case is a "related action." *See Matter of Memorial Estates, Inc.*, 950 F.2d 1364, 1368 (7th Cir. 1991) ("A case is 'related' to a bankruptcy when the dispute affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among the creditors.") (internal quotations omitted). Concurrent with bankruptcy courts, federal district courts have jurisdiction over related actions. *Id.* at 1368 n.7. Whether or not this case should have been transferred pursuant to an internal operating procedure of this District, as Defendants

---

[1] This Court generally would ignore an argument made only in a footnote. *See Williams v. General Electric Capital Auto Lease, Inc.*, 159 F.3d 266, 274 (7th Cir. 1998). However, since the argument relates to this Court's jurisdiction, it is addressed. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593, 124 S.Ct. 1920 (2004) (stating that "it is the obligation of both the district court and counsel to be alert to jurisdictional requirements").

contend, such fact is not jurisdictional.[2] *See also* 28 U.S.C. § 157(d) (giving a district court power to withdrawn an action from the bankruptcy court). Accordingly, this Court has jurisdiction over Plaintiff's claims.

Defendants' most prominent argument asks this Court to enforce the doctrine of judicial estoppel to prevent Plaintiff from abusing the integrity of the judicial process – the abuse being Plaintiff's pursuit of this case despite her failure to list the cause of action among her bankruptcy estate assets. *See in re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990) ("Judicial estoppel is a doctrine designed to prevent the perversion of the judicial process"). Whatever concerns exist over Plaintiff's conduct, the doctrine of judicial estoppel does not fit the facts of this case.

Judicial estoppel may apply when: "(1) the later position is clearly inconsistent with the earlier position; (2) the facts at issue are the same in both cases; (3) the party to be estopped convinced the first court to adopt its position; and (4) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *United States v. Christian*, 342 F.3d 744, 747 (7th Cir. 2003). Prior to the confirmation of Plaintiff's Chapter 13 Plan, she disclosed the present lawsuit in her Statement of Financial Affairs and Schedule of Personal Property. On February 6, 2006, the bankruptcy court confirmed Plaintiff's Chapter 13 Plan. The bankruptcy court ordered that the net proceeds of any recovery by Plaintiff in this lawsuit be paid directly to the Chapter 13 Trustee. Given these facts, the third prong of the

---

[2] This District's standing internal operating procedure referring related proceedings to the bankruptcy court is designed to satisfy 28 U.S.C. § 157(a). Section 157(a), in turn, was drafted to overcome constitutional impediments to a bankruptcy court's exercise of jurisdiction over non-core bankruptcy matters. *See Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 1258 (1982) (holding unconstitutional bankruptcy courts' exercise of Article III jurisdiction over non-core bankruptcy proceedings).

judicial estoppel analysis – that the party to be estopped convinced the first court to adopt its position – is not satisfied because the bankruptcy court did not confirm Plaintiff's Chapter 13 Plan without including the instant cause of action. *See New Hampshire v. Maine*, 532 U.S. 742, 750-51, 121 S.Ct. 1808 (2001) ("Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent determinations, and thus poses little threat to judicial integrity") (internal citations omitted); *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003) (finding plaintiff judicially estopped from pursuing cause of action where bankruptcy plan had been confirmed without cause of action included).

Wherefore, because Plaintiff has standing, this Court has jurisdiction, and the doctrine of judicial estoppel does not apply, Defendants' Motion to Dismiss is denied.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: April 19, 2006